[810 NYS2d 80]

In the Matter of LEE HOWARD GROSS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 2005

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Florida dated March 3, 2005 (896 So 2d 742 [Fla 2005]), the respondent was disbarred from the practice of law effective, nunc pro tunc, May 21, 2002 (821 So 2d 303 [Fla 2002]), the date of that court's order temporarily suspending him from the practice of law. The petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to raise any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c). The potential defenses available to him are that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding of the court in the foreign jurisdiction, or that the imposition of discipline by this Court would be unjust. The respondent was also advised of his right, within 20 days of service of the notice, to file a verified statement setting forth any of the defenses to the charges which led to his suspension as enumerated in 22 NYCRR 691.3 (c).

The respondent failed to assert any of those defenses to the imposition of reciprocal discipline and did not demand a hearing. No request or communication of any kind has been received from the respondent in response to this motion.

By order dated March 3, 2005, the Supreme Court of Florida not only directed that the respondent be disbarred, but also that judgment be entered in favor of the Florida Bar, 651 Jefferson Street, Tallahassee, Florida, for recovery of costs from the respondent in the amount of $24,816.94.

The Florida Bar filed four complaints against the respondent alleging numerous counts of misconduct including, inter alia, trust account misappropriations of over $100,000 of client funds entrusted to him, the failure to comply with a Florida Bar subpoena, the failure to defend a client in a lawsuit resulting in a $7,500 judgment against his client, the failure to communicate with the same client about the lawsuit, the forgery of a judge's signature on a written plea of guilty, the forgery of a client's signature on a check, mortgage fraud, the failure to disclose one of his trust accounts to the Florida Bar, and the failure to repay all of the trust account misappropriations.

A hearing was held before Paul Siegel, Circuit Judge Referee, on May 19, 2003, June 24, 2003, and June 26, 2003, at which

time the respondent appeared with counsel. An additional hearing was held on September 4, 2003, on motions for reconsideration filed by both parties. The respondent stipulated to most of the factual allegations within the four complaints. He also presented substantial evidence regarding his serious drug and alcohol addiction and his rehabilitation from this addiction.

The Referee issued an amended report dated September 4, 2003, in which he found that all the facts were true as stated in the Florida Bar complaints. The Referee also recommended that the respondent be disbarred for a period of five years from May 21, 2002, the date of the Supreme Court's emergency suspension of him, that an in-patient treatment be part of the respondent's rehabilitation plan before the respondent is permitted to rejoin practice, and that he provide evidence, before seeking readmission, of having made restitution to the following parties in the corresponding amounts: (1) Arturo Dominguez, $7,500, (2) Tonya Sheets, $7,016, and (3) Dr. Frederick Herman, $30,185.92.

The petitioner obtained original certified copies of the March 3, 2005, order of the Supreme Court of Florida, the Referee's report, the amended report, and other documents underlying the order. In lieu of a transcript, the Florida Bar forwarded a videotape of the oral argument held in the matter.

Inasmuch as the respondent has not asserted any of the enumerated defenses or requested a hearing before the imposition of reciprocal discipline upon him, there is no impediment to the imposition of discipline upon him in New York at this juncture. Accordingly, the petitioner's motion for the imposition of reciprocal discipline is granted and, effective immediately, the respondent is disbarred, in New York based upon his disbarment by the Supreme Court of Florida.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and S. MILLER, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Lee Howard Gross, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Lee Howard Gross, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lee Howard Gross, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lee Howard Gross, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).